# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JANET YAMANAKA MELLO,<br><br>Defendant. | CASE NO. SA-23-CR-00620-XR |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE

COMES NOW the United States of America by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney and files this Response to Defendant's Motion for Continuance, and, in support, shows the Court as follows:

### BACKGROUND

On August 29, 2023, agents executed a search warrant at the Defendant's home. During the execution of the search warrant, agents confronted the Defendant with the evidence they had against her, and, eventually, she confessed to defrauding the U.S. Army out of $108 million. Within days, the Defendant retained counsel, Mr. Flores. Mr. Flores contacted counsel for the Government shortly thereafter, and substantive discussions regarding resolution began.

The Defendant was eventually charged by Indictment on December 6, 2023. Trial was originally set for February 12, 2024. The parties engaged in further plea negotiations, and, in light of those negotiations, on January 24, 2024, the Government agreed to a continuance of the initial trial date. On or about February 16, 2024, after multiple extensions of the Government's deadline for a plea agreement in principle, the Defendant agreed to plead guilty, by way of Information, to five counts of Mail Fraud under Title 18, United States Code, Section 1341 and five counts of

Filing a False Tax Return under Title 26, United States Code, Section 7206(1). The formal plea agreement and Information were filed with the Court on February 28, 2024. On March 7, 2024, the Defendant pled guilty to all the charges in the Information.

Around the time of the plea hearing on March 7, 2024, counsel for the Defendant informed counsel for the Government that he had retained a mental health expert to evaluate the Defendant for purposes of mitigating her criminal activity. On May 3, 2024, counsel for the Defendant contacted counsel for the Government requesting a continuance of the sentencing, which was then set for May 29, 2024. Mr. Flores indicated the continuance was needed, in part, to give the retained expert additional time to finalize his report. The Government agreed to a thirty-day continuance, but the Court, on its own motion, moved the sentencing date nearly sixty days to its current setting of July 24, 2024. Probation produced the PSR to the parties on June 11, 2024. The Defendant has had plenty of time to prepare for sentencing, and the Court should deny the Motion.

## ARGUMENT AND AUTHORITIES

Courts evaluate the denial of a defendant's motion for continuance using an abuse of discretion standard. *United States v. Peden*, 891 F.2d 514, 519 (5th Cir. 1989); *see also, United States v. German*, 486 F.3d 849, 854 (5th Cir. 2007) ("Trial judges have broad discretion in deciding requests for continuances, and we review only for an abuse of that discretion resulting in serious prejudice."). Even if abuse of discretion is found, courts also look to see if the defendant was prejudiced as a result. *Id.* Courts consider the following, non-exhaustive list of factors when deciding whether to grant a continuance:

(a) the amount of time available;

(b) the defendant's role in shortening the time needed;

(c) the likelihood of prejudice from denial;

(d) the availability of discovery from the prosecution;

(e) the complexity of the case;

(f) the adequacy of the defense actually provided at trial; and

(g) the experience of the attorney with the accused.

*United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009) (citing *United States v. Walters*, 351 F.3d 159, 170 (5th Cir. 2003)) (internal quotations omitted).

In *Peden*, a child pornography defendant planned to call a Dr. Cox as a mitigation expert at sentencing. *Id*. Prior to sentencing, the defendant learned that Dr. Cox told the probation officer preparing the PSR that he recommended against probation. *Id*. On the day of sentencing, the Defendant requested additional time to locate a mitigation expert and claimed that he only recently learned Dr. Cox previously testified for the government. *Id*. Unfortunately for the defendant, Dr. Cox had previously testified for the government at a pre-trial hearing *in the defendant's own case* approximately seven-and-a-half months prior to the sentencing. *Id*. The trial court denied the continuance. *Id*.

The Fifth Circuit determined that any prejudice to the defendant was not a result of the denial of the continuance. *Id.* at 520. Rather, since the defendant had known about Dr. Cox being a government witness for at approximately seven-and-a-half months, any harm to the defendant resulted from his attorneys' lack of diligence in locating another expert witness. *Id.*

Here, the Defendant confessed to the crimes at issue on August 29, 2023. She retained counsel shortly thereafter, and the evidence against the Defendant was presented to Defendant's counsel by the attorney for the Government on September 25, 2023. A detailed indictment was filed on December 6, 2023, and initial discovery was produced by the Government on December 22, 2023, with subsequent, smaller productions to follow. The parties agreed in principle to a plea on or about February 16, 2024. Shortly thereafter, Mr. Flores informed counsel for the Government that he had retained a mental health mitigation expert for purposes of sentencing. The Defendant's

guilt has never been an issue in this case. The parties' primary concern has been recovering the assets purchased by the Mellos during the course of the fraud.

The defendant has known the nature of the charges and evidence against her for nearly a year. To claim, less than two weeks ahead of sentencing that she now needs yet another continuance is unreasonable at best. Any harm she may suffer as a result of the denial of her Motion is only due to the apparent failure to communicate to the expert witness the relevant timelines present in this case or the expert's failure to comply with the timelines given. To deny her Motion accordingly is not an abuse of discretion and, as in *Peden¸* any harm she may experience is her own doing. Considering this and the factors discussed in *Stalnaker*, the Defendant's Motion should be denied.

## CONCLUSION

The Defendant has known about the charges against her for nearly a year. Her inability to secure an expert who can provide the requested information in a timely manner is not an adequate basis for a continuance. Moreover, any harm she may experience is a result of the failure of her expert or her counsel to perform in a timely manner. To deny the Motion would not be an abuse of discretion, and any harm experienced is the result of the failures described above. The Defendant's Motion should be denied.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: ___/s/_____
JUSTIN R. SIMMONS
Assistant U.S. Attorney
Texas Bar # 24097084
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7422

Justin.Simmons@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of July, 2024, a true and correct copy of the foregoing instrument was served via ECF.

                                       JUSTIN R. SIMMONS
                                       Assistant United States Attorney

*Gov't Response to Motion for Continuance*
*U.S. v. Janet Yamanaka Mello*
*SA-23-CR-00620-XR*    5

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>   **Plaintiff,**<br><br>**v.**<br><br>**JANET YAMANAKA MELLO,**<br><br>   **Defendant.** | **CASE NO. SA-23-CR-00620-XR** |

## ORDER

On this date came on to be considered the Defendant's Motion for a Continuance (the "Motion"), seeking a continuance of the current sentencing date of July 24, 2024. The Court, having considered the Motion and the Government's Response, finds that the Motion should be DENIED.

IT IS, THERFORE, ORDERED that the Defendant's Motion is DENIED.

SIGNED AND ENTERED this _____ day of _____, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE